Moncure, P.,
delivered the opinion of the court.
The question which this case presents to us for our decision is, how the estate of Mrs. Martha O. Ball should be divided among her heirs at law; that is, in what shares and proportions.
She died intestate in the county of Fairfax, seized of real estate, and leaving as her only heirs at law, five children of a deceased son, six children of another deceased son, and a grandchild of the latter son. The question is whether her estate should be divided into twelve equal parts, and one of said parts be allotted to each of the said eleven living children, and the remaining part to the said grandchild as representing or standing in the place of its deceased parent; or should be first divided into two equal parts, and one of said parts be allotted to the said five children of one of the-sons, equally to be divided among them; and the other of said two equal parts' be allotted to the said six children and said grandchild of the other son equally to be divided among them.
The court below decided that the former is the true legal mode of apportionment in this case; that is an equal division among all the said eleven children and the said grandchild, allotting to each, one equal twelfth part of the inheritance.
The appellants, who are the said five children of the said first named deceased son, complain of the said decree as being prejudicial to their rights, and insist that the other mode of division and allotment before mentioned ought to have been pursued.
The court is of opinion that there is no error in the said decree of the court below, and that the mode of *327 division and allotment adopted by that court is the true and legal mode, and accords with the true intent and meaning, if not the literal terms, of the law ofdeseents. If one of the said two sons of the intestate had been living at her death, and the other dead, then the mode of division and allotment contended for by the appellants would have been the true mode. But as both were then dead and their respective children then living were all in the same degree of kindred to the intestate, the said children were entitled in their own right to equal shares of the estate; and the other child being then dead, its only child was entitled to an equal share, per stirpes, to wit: to the share which the deceased parent if living would have taken.
The intestate having left descendants, her estate descended to them by the express provision of the first clause of the first section of the statute of descents, Code, p. 916, ch. 119, § 1; and the third section of the same statute, p. 917, prescribes when the division and allotment shall be per capita, and when per stirpes. Whenever those entitled to partition are in the same degree of kindred to the intestate,' they shall take per capita or by persons; and where a part of them being dead and a part living, the issue of those dead shall take per stirpes. And the samé rule applies to the living descendants however remote may be their degree of kindred to the intestate. While the statute does not expressly enumerate all the degrees of kindred of the remote descendants, it expressly includes all and plainly provides a rule for all.
There is nothing in the decision of the case of Davis v. Rowe, 6 Rand 355, which is at all in conflict with the foregoing opinion. On the contrary the principles of that decision seem fully to accord with *328 what has been said in this ease. But it is deemed unnecessary to make any further comments upon that case or refer to any other.
We think the decree of the court below ought to be affirmed.
Decree affirmed.